# The Maryland Central Railroad Company vs. Conrad Neubeur.

*Action against a Railroad Company to recover for Injuries resulting from a Collision with a Locomotive Engine—Contributory negligence—Reasonable diligence—Crossing by a Railroad of Public country Roads—Flagmen—Precaution required of a Traveller on a Country road, when attempting to cross a Railroad track—Presumption that a Party acts from Incentives of Self-Preservation.*

An action was brought to recover for injuries received by the plaintiff in consequence of the alleged negligence of the defendant, a railroad company. The injuries resulted from a collision with a locomotive engine of the defendant, at a crossing by the railroad of a public country road, while the plaintiff was in the act of crossing the railroad track in a covered wagon. Held:

That an instruction granted on behalf of the plaintiff, touching the question of contributory negligence, was erroneous, because it failed to define with accuracy the relative duties and obligations of the parties, having proper regard to the nature of the accident and the facts of the case.

The general principle is, that where both parties by their negligence directly contribute to the production of the accident, neither has a right to recover of the other for injuries sustained thereby. But there are exceptions to this general rule; and in cases like the present, the exception is, that if the defendant or those acting for it, had become aware of the perilous situation of the plaintiff, though that peril had been incurred by his negligent or even reckless conduct, yet the defendant or its agents would be bound to use all reasonable diligence to avoid the accident.

But in order that this qualification of, or exception to, the general rule, may be successfully invoked by the plaintiff, he must show knowledge on the part of the defendant, or its agents, of the peril in which he, the plaintiff, was placed, and that there was time after such knowledge within which to make the effort to save him from the impending danger.

Maryland Central Railroad Co. *vs.* Neubeur.

In the absence of statutory requirement it is now well settled, at least by a great preponderance of authority, that there is no legal obligation on a railroad company to keep at the crossings of the public country roads flagmen to give warning to travellers on such roads of the passing of trains.

Travellers about to cross a railroad track, should, in all cases, before proceeding to cross, carefully look and listen, to ascertain whether a train is approaching; and the failure on the part of those in charge of the train to give the usual or required signals, such as blowing the whistle or ringing the bell, will not excuse or justify the traveller on the country roads, in attempting to cross a railroad track without the exercise of that reasonable precaution, of looking and listening for the approach of a train.

And if the experiment be made without such precaution, the party acts at his peril; and, if an accident occurs by a collision with a passing train, the traveller must be held to have so far contributed to his own misfortune as to preclude him the right to recover against the railroad company.

But if it be established as a fact, that the defendant, after discovering the perilous situation of the plaintiff, could, by the exercise of reasonable care, have avoided the collision, the want of care by the plaintiff in driving upon the track, would be no answer to his right to recover.

While it is natural, and as a general rule rational, to presume that a party acts from incentives of self-preservation, this presumption can only be indulged in the absence of proof to the contrary.

There are cases where this presumption may be invoked; but an indiscriminate application of it cannot be otherwise than misleading in many cases.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiff offered the six prayers following:

1. That if the jury believe from the evidence that the defendant did not use such diligence and care as prudent and discreet persons would have used and exercised in

running its train at the time and place, and under the circumstances mentioned in the evidence, and that the said plaintiff was thereby injured in the manner testified to, then the plaintiff is entitled to recover, unless the jury further find that the plaintiff directly contributed by his own want of care and prudence, to such accident.

2. That although the jury believe and find from the evidence that plaintiff was guilty of the want of due care and prudence in attempting to cross defendant's tracks, and that he got incautiously upon the same, at the time and place mentioned in the evidence, yet their verdict must still be for the plaintiff if they find he was injured by defendant's train, unless they further find that the defendant could not, by the exercise of care and diligence on its part, have avoided such accident.

3. That the jury, in considering the question of negligence, may, in connection with all the facts and circumstances of the case, infer the absence of fault on the part of the plaintiff, from the known disposition of persons to avoid injuries to themselves.

4. That in estimating the damages, the jury may allow such a sum of money, which, in their judgment from all the facts and circumstances of the case, will compensate the plaintiff for his pain of body and mind, and the cost of medical attendance.

5. That if the jury believe that plaintiff frequently crossed defendant's track on Lake avenue, a county road, before the time of the alleged accident, at different hours of the day, and had always previous to the time of the accident observed a flagman stationed at that point, and that said flagman was so stationed by the defendant for the purpose of signalling passers by and warning them of the approach of defendant's trains, and that on the occasion of the accident no signal was displayed, and the plaintiff heard no whistle or bell, he had a right to suppose that in the absence of any signal or flagman, there was no

train at that time approaching. And if the jury shall believe that if such flagman had been stationed at said crossing at the time, and the signal given, the accident would have been avoided, and that the accident was the direct result of such absence, then the plaintiff is entitled to recover.

6. That if the jury shall find that Lake avenue was a travelled road, and that it was crossed by dofendant's tracks, and that defendant did not, on the morning of 21st February, 1883, at the time of the alleged accident, ring a bell placed on the locomotive, at the distance of at least one hundred rods from said avenue, as the train approached said avenue, and keep said bell ringing until it had crossed said avenue; or sound its steam whistle, at least one hundred rods from said road, and sound the said whistle at intervals until it had crossed said road, then the defendant was guilty of negligence, under the term of its charter, and the jury have the right to consider the same, if they shall further believe, that if the whistle had been so sounded, or bell so rung, the accident might have been avoided.

And the defendant offered the seven following prayers:

1. That there is no sufficient evidence in this cause, of negligence on the part of the defendant or defendant's agents, as would entitle the plaintiff to recover.

2. That if the jury find from the evidence that the accident complained of, was caused by the want of ordinary care on the part of the defendant in the running of its cars; and also find from the evidence that the want of ordinary care and, prudence on the part of the plaintiff directly contributed thereto, the plaintiff is not entitled to recover.

3. That the plaintiff is not entitled to recover in this case, because if Conrâd Neubeur was injured by the cars of the defendant, the negligence of said Neubeur directly contributed thereto.

Maryland Central Railroad Co. *vs.* Neubeur.

4. If the jury find from the evidence that the want of ordinary care and prudence on the part of the plaintiff directly contributed to the accident complained of, the plaintiff is not entitled to recover.

5. If the jury believe, from the evidence, that the defendant used ordinary care and diligence, to avert the accident, and that the accident was not the result of the want of ordinary care or diligence on the part of the defendant, then the plaintiff is not entitled to recover.

6. That to entitle the plaintiff to recover in this case, the jury must find from the evidence that the accident complained of, was caused by the want of ordinary care on the part of the defendant in the running and management of its cars; and they must also find from the evidence that the want of ordinary care and prudence on the part of the plaintiff did not directly contribute thereto.

7. That the defendant is not required by law to station a flagman at the crossing where the accident occurred, and that the jury cannot infer negligence on the part of the defendant if they find that no flagman was stationed at said crossing at the time of the accident, although they may find that a flagman was stationed at said crossing prior to the accident, after the arrival of the seven o'clock train from Baltimore in the morning, and remained there all day, until the passing down of the last train of the defendant in the evening.

The Court (FOWLER, J.,) granted the first, second, fourth, fifth, sixth and seventh prayers of the plaintiff, his third prayer being conceded; and rejected all the prayers of the defendant, except the fifth, which was conceded.

The defendant excepted. The jury gave a verdict for the plaintiff for $500, and judgment was entered thereon. The defendant appealed.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*R. R. Boarman,* for the appellant.

*Winfield J. Taylor,* and *D. G. McIntosh,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This is an action brought to recover for injuries received by the plaintiff in consequence of the alleged negligence of the defendant. The injuries resulted from a collision with a locomotive engine of the defendant, at a crossing by the railroad of a public country road, while the plaintiff was in the act of crossing the railroad track, in a covered wagon, drawn by one horse. And the verdict and judgment being for the plaintiff, the defendant has appealed.

At the trial it was sought to take the case from the jury, by a prayer for instruction, that there was no sufficient evidence to be considered by them of negligence of the defendant to entitle the plaintiff to recover; and further, assuming that there was such negligence on the part of the defendant, that the evidence showed such contributory negligence on the part of the plaintiff as disentitled him to recover.

But, without going into any detailed statement of the evidence, this Court is of opinion that the Court below was entirely right in refusing to withdraw the case from the jury, upon the theory that there was no evidence of negligence by the defendant, or by instructing them as requested by the defendant, that the evidence showed such contributory negligence on the part of the plaintiff, that, assuming all the evidence in his favor to be true, he had shown no ground upon which he could recover. On the contrary, if the testimony of the plaintiff and his daughter, as set out in the bill of exception, be accepted as substantially correct, as to the caution exercised by the plaintiff in approaching the crossing, and that he did not see, and could

not, by the exercise of reasonable care and caution, have seen the approach of the train, and that there were in fact no signals given of its approach as required, such as the blowing the whistle, or the ringing the bell, and that it was by reason of such omission that the accident occurred, then, it is clear, there was such negligence on the part of the defendant as to render it liable for the consequences of the collision. But, on the other hand, if the evidence given on the part of the defendant be true, it is equally clear that the plaintiff, by his own want of caution, did contribute to the production of the injury complained of, and, consequently, he could have no right to recover. It was a case of conflicting evidence as to the main facts involved, and was therefore purely a question for the jury, as to the comparative credit and weight of evidence, and the Court could not do otherwise than submit it to the jury for their determination. There was therefore no error in refusing to take the case from the jury.

In regard to the instructions given to the jury on behalf of the plaintiff, we think there was error. While some of these instructions, as general abstract propositions, may. be correct, others are based upon hypotheses of fact that do not necessarily determine the case in favor of the plaintiff, though they conclude to the right of the plaintiff to recover. This is obviously so as to the second of these instructions. By that instruction, the jury were told that although they might find that the plaintiff was guilty of the want of due care and prudence in attempting to cross the railroad track, and that he got incautiously upon such track, at the time and place mentioned in the evidence; yet their verdict *must* still be for the plaintiff, if they should find that he was injured by the defendant's train, unless they should further find that the defendant could not, by the exercise of care and diligence on its part, have avoided the accident. This instruction failed to define

with accuracy the relative duties and obligations of the parties, having proper regard to the nature of the accident, and the facts of the case. Possibly the defendant might have avoided the accident if a flagman had been placed at the crossing to warn off the plaintiff, or by the constant sounding the whistle and the ringing of the bell, as the train approached the crossing; and, under the instruction, the jury were at liberty to conclude that the omission of any of these precautions by the defendant was negligence of itself, and if they had been observed the accident would not have occurred; and therefore the defendant was liable for the injury to the plaintiff, notwithstanding they might find that the plaintiff recklessly pushed forward to cross in advance of the approaching train, without observing any precaution on his part. Such proposition is not sustainable either upon reason or authority. The general principle is, that where both parties by their negligence directly contribute to the production of the accident, neither has a right to recover of the other for injuries sustained thereby. But there are exceptions to this general rule; and in cases like the present, the exception is, that if the defendant, or those acting for it, had become aware of the perilous situation of the plaintiff, though that peril had been incurred by the negligent or even reckless conduct of the plaintiff, yet the defendant or its agents would be bound to use all reasonable diligence to avoid the accident. But in order that this qualification of or exception to the general rule may be successfully invoked by the plaintiff, he must show knowledge on the part of the defendant, or its agents of the peril in which he, the plaintiff, was placed, and that there was time after such knowledge, within which to make the effort to save him from the impending danger. The second instruction wholly fails to define the conditions of the case under which the defendant would be liable, assuming, as it does, both parties to have been guilty of negligence;

and it was for that reason erroneous, and well calculated to mislead the jury. *Kean vs. Balto. & Ohio R. R. Co.*, 61 *Md.*, 154.

In the absence of statutory requirement, it is now well settled, at least by a great preponderance of authority, that there is no legal obligation on a railroad company to keep at the crossings of the public country roads, flagmen to give warning to travellers on such roads of the passing of trains. It has been so held by this Court, in the recent case of *State use of Foy vs. Phil., Wil. & Balto. R. R. Co.*, 47 *Md.*, 76, 86; and many decisions of the highest Courts of the country might be cited in support of that ruling. The track of the railroad itself is a signal of danger to all those about to cross it; and travellers crossing the rails are bound to exercise reasonable care, having regard to the nature of the crossing, for their own safety and protection. They should, in all cases, before proceeding to cross, carefully look and listen, to ascertain whether a train is approaching; and the failure on the part of those in charge of the train to give the usual or required signals, such as the blowing of the whistle or the ringing of the bell, will not excuse or justify the traveller on the country roads in attempting to cross a railroad track without the exercise of that reasonable precaution, of looking and listening for the approach of a train. And if the experiment is made, without such precaution, the party acts at his peril; and in default of this precaution, if an acccident occurs by a collision with a passing train, the traveller must be held to have so far contributed to his own misfortune as to preclude him the right to recover against the railroad company. This is the established doctrine by the great weight of authority; and a large number of the decisions go to the extent of holding that it is incumbent upon the traveller, at ordinary road crossings, to *stop, look* and *listen*, before attempting to cross the rails; and if he fail to observe this precaution, he forfeits all right to re-

cover for injuries received by collision. This precaution is not only reasonable and proper to be observed on the part of the traveller on the public roads, crossing railroad tracks, for his own safety, but it is equally necessary for the safety of the multitude of the people riding in the railroad trains, liable to be killed by collision of the train with obstacles on the track. Hence Courts have been strict and rigid in maintaining the rule, requiring care on the part of those crossing railroad tracks.

Of the many decisions made upon the subject we may refer to the following : *Ernst vs. Hudson River R. R. Co.,* 39 *N. Y.,* 61 ; *Wilcox vs. The Rome, etc. R. R. Co.,* 39 *N. Y.,* 358 ; *Beisiegel vs. N. Y. Cent. R. R. Co.,* 40 *N. Y.,* 9 ; *Havens vs. Erie R. R. Co.,* 41 *N. Y.,* 296 ; *Baxter vs. Troy & Boston R. R. Co.,* 41 *N. Y.,* 502 ; *Butterfield vs. The West. R. R. Corporation,* 10 *Allen,* 532 ; *Penn. R. R. Co. vs. Beale,* 73 *Penn. St.,* 504 ; *Penn. R. Co. vs. Weber,* 76 *Penn. St.,* 157 ; *Telfer vs. The North. R. R. Co.,* 30 *N. J.,* 188 ; *Bellefontaine R. R. Co. vs. Hunter,* 33 *Ind.,* 335 ; *Railroad Co. vs. Houston,* 95 *U. S.,* 697, 702.

But without going the extent of many of the authorities and laying it down as an unqualified rule, applicable to all cases, that the traveller must actually *stop* before attempting to cross the rails, to look and listen, we hold, with the concurrenee of all the authorities, that he must, at least, exercise the reasonable precaution of looking and listening before venturing over the rails ; and his failure to observe that precaution is negligence *per se ;* and if he attempts to drive a vehicle across the tracks in view of an approaching train, his conduct is worse than negligent,— it is simply reckless. *Railroad Co. vs. Houston, supra; Telfer vs. Northern R. R. Co., supra ; Dascomb vs. Buffalo and State Line R. R. Co.,* 27 *Barb.,* 227.

Now, applying these well settled principles to the instructions given in this case, it follows that the fifth prayer of the plaintiff, granted by the Court, was equally defec-

tive as the second. While it assumed that the plaintiff may have attemped to cross the track without taking the necessary precaution to assure himself that there was no danger, the jury were thereby instructed that if there was no flagman present, "and the plaintiff heard no whistle or bell, he had a right to suppose that in the absence of any signal or flagman, there was no train at that time approaching." But as we have seen, the law imposed no duty upon the railroad company to keep a flagman at the crossing, and the failure of those in charge of the train to sound the whistle or to ring the bell, if such were the fact, did not justify the plaintiff in attempting to cross, and thus to put himself in a position of possible danger, without the exercise of reasonable care for his own safety.

And the same objection applies to the sixth prayer of the plaintiff, which was granted by the Court. To relieve the fifth and sixth prayers of objection, they should have required the jury to find as a fact, that the defendant, after discovering the perilous situation of the plaintiff, by the exercise of reasonable care, could have avoided the collision. If that be established as a fact, the want of care by the plaintiff in driving upon the track, would be no answer to his right to recover. But it was not the duty of those in charge of the train to anticipate the conduct of the plaintiff, and because they saw him approach the crossing to conclude that he would attempt to cross in advance of the train. On the contrary, they were, or would have been, fully justified in supposing that he would not venture to cross until after the passage of the train. *Telfer vs. North. R. R. Co.*, 30 *N. J.*, 188.

With respect to the last prayer of the plaintiff, granted by the Court, and designated as No. 3, we need say but little. It embodies one of those general propositions only proper to be submited to the jury in cases where there is a real doubt on the evidence as to the act or conduct of the party injured, in respect to the accident producing the injury;

and it is only proper in such case as an aid in arriving at a conclusion from the whole evidence in the cause. While it is natural, and as a general rule rational, to presume that a party acts from incentives of self-preservation, this presumption can only be indulged in the absence of proof to the contrary. To instruct the jury that they may, in considering the whole case, "infer the absence of fault on the part of the plaintiff, from the known disposition of persons to avoid injuries to themselves," in the presence of testimony that tends strongly to show the existence of fault, is tantamount to instructing them that they may conclude as they please; that they may find upon presumption and put the evidence aside. There are cases where this presumption may be invoked, and the reports show many instances where it has been done. *North. Cent. R. Co. vs. Geis*, 31 *Md.*, 357; *Railroad Co., vs. Gladmon*, 15 *Wall.*, 407; *Oldfield vs. N. Y. & H. R. R. Co.*, 14 *N. Y.*, 310; *Penn. R. R. Co. vs. Weber*, 76 *Penn. St.*, 157; *Cleveland & Pittsburg Railroad Co. vs. Rowan & Wife*, 66 *Penn. St.*, 393.

But an indiscriminate use of the instruction given in this case cannot be otherwise than misleading in many cases; and we think the present not a case where it was proper to be given.

Of the prayers offered by the defendant, they were all, except the fifth and seventh, properly refused. They were too indefinite and abstract in form, to be of any essential aid to the jury, in arriving at a correct conclusion upon the facts of the case. The fifth prayer was conceded, and the seventh, we think, ought to have been granted. In the rejection of the others there was no error.

> *Judgment reversed, and*
> *new trial awarded.*