THE UNION RAILROAD COMPANY OF BALTIMORE, and
THE PHILADELPHIA, WILMINGTON AND BALTIMORE
RAILROAD COMPANY *vs.* STATE OF MARYLAND, use of
ANNIE STEEVER, and others.

*Railroad Company—Negligence—Railroad Crossing—Death
by Engine—Contributory negligence—Instructions to Jury.*

A person driving along a turnpike at night was killed while at-
tempting to cross the track of a railroad company. In an action
against the company to recover damages resulting from his death,
it appeared that the death was caused by an engine which was
backing, so that the headlight was not shining in the direction
of the deceased's approach; but evidence was offered tending to
show that there was a light on the top of the tender which could
be seen as the train approached, and that all the while after the
train started, the bell was ringing until the crossing was passed.
HELD:

1st. That the defendants had the right to have the jury instructed
that if they found these facts, the plaintiff was not entitled to re-
cover.

2nd. That if the facts were such that if the deceased had looked
and listened, he would have seen the light and heard the bell, it
was not necessary to require the jury to find that he did actu-
ally so see and hear.

3rd. That it was no ground for refusing such specific instruction,
that the same question of negligence had been submitted to the
jury in a more general form, by instructions which did not spe-
cify the light to be seen, nor the bell ringing to be heard, as the
things the disregard of which, if seen or heard, made fatally
contributory negligence.

APPEAL from the Superior Court of Baltimore City.

The facts of this case are stated in 70 *Md.*, 69, and
further stated in the opinion of the Court in this case.

Union Railroad Co., *et al. vs.* State, use of Steever.

*Exception.* —At the trial the plaintiff offered five prayers, which were granted by the Court, and excepted to by the defendants, but are omitted here, as ' they were not adverted to by this Court. The defendants offered four prayers, the third of which will be found in full in the opinion of the Court, the others are as follows:

1. The burden of proof is upon the plaintiff, to show that the injury complained of was caused by the want of ordinary care on the part of defendants or their servants, and unless the jury shall be satisfied by the preponderance of testimony that the injury complained of was caused solely by the want of ordinary care on the part of defendants or their servants, the plaintiff is not entitled to recover, and the verdict of the jury must be for the defendants.

2. That if the jury shall believe from the evidence that the deceased, Daniel Steever, was well acquainted with the crossing where the injury occurred, and had for years been in the habit of driving across the same in both directions by day and night, and that to one approaching the crossing on the Philadelphia turnpike from the Baltimore County side, there is from a point on the turnpike, about six hundred and fifty feet away from the crossing all the way to the crossing, nothing to obstruct the sight and hearing of an approaching train or engine from Canton Junction to the crossing in question, and that if, on the night in question, the deceased had looked and listened, he would have become aware of the approach of the engine in time to avoid the accident, then the plaintiff is not entitled to recover in this action, and the verdict of the jury must be for the defendants.

4. If the jury shall find from the evidence, that when the engine mentioned in the evidence blew for Canton Junction, the watchman, O'Connor, took his lantern and

left his box and walked across the railroad tracks and took his position in the turnpike a few feet east of the tracks, and that shortly after he heard voices as of persons approaching the track from that side, and thereupon waved his lantern as a warning to them, and then heard the sound of an approaching vehicle which deceased was driving, and that he then called out to those in the vehicle, "Hold up," or "Hold on," and that the vehicle still kept on coming, and that he then called out again to them to hold up, but that the vehicle still kept on to the crossing where the accident occurred, and there came into collision with the engine mentioned in the testimony, and that the vehicle was in a place of safety when these warnings were given, then the plaintiff is not entitled to recover, and the verdict of the jury must be for the defendants.

The Court (HARLAN, J.) granted the first and second prayers of the defendants and refused their third and fourth prayers. The defendants excepted and the verdict and judgment being against them, they appealed.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, BRYAN, FOWLER, and MCSHERRY, J.

*John J. Donaldson,* and *Bernard Carter,* for the appellants.

That the law of the defendants' third prayer is correct, there can be no question. It has been again and again sustained by this Court. *Balto. & Ohio R. R. Co. vs. State, use of Hauer, et al.,* 60 *Md.,* 462; *Penna. R. R. Co. vs. State, use of McGirr,* 61 *Md.,* 121; *Hobbs' Case,* 19 *American and English R. R. Cases,* 337; *Balto. & Potomac R. R. Co. vs. State, use of Stansbury,* 54 *Md.,* 656; *Md. Central R. R. vs. Neubeur,* 62 *Md.,* 399; *State, use of Bacon vs. Balto. & Potomac R. R.,* 58 *Md.,* 490; *Phil., Wilm. & Balto. R. R. Co. vs. Hogeland,* 66 *Md.* 149;

*Phil., Wilm. & Balto. R. R. Co. vs. State, use of Gunther*, 66 *Md.*, 501.

It cannot be contended that defendants were not damnified by its rejection. Where a prayer, supported by evidence and correct in law, has been rejected, the presumption is that the party offering it has been injured. *Poe's Practice, sec.* 303; *Haney vs. Marshall,* 9 *Md.*, 215; *Deery vs. Cray,* 5 *Wall.*, 807.

None of the granted prayers cover the ground of this. The granted first prayer of the defendants is as to the *burden of proof* of the defendants' negligence; the granted second prayer of the defendants does not refer to any signals or warnings given by those in charge of the engine; refers only to contributory negligence of plaintiff without regard to such, and does not raise at all, as the rejected prayer does, the question of performance of legal duty by those on the engine.

Of the plaintiff's granted prayers the third refers *solely to the burden of proof* of contributory negligence, and the first states the general doctrines as to negligence and contributory negligence, but does not apply them specifically to the facts in the case.

Such a specific statement of the law of the case as applied to the specific facts in evidence, the defendants were entitled to, and it was error to reject the prayer. *Mutual Fire Ins. Co. vs. Deale,* 18 *Md.*, 26; *Birney vs. New York & Washington Tel. Co.,* 18 *Md.*, 341; *Johnson vs. Harvey & Ford,* 30 *Md.*, 261; *Phil., Wilm. & Balto. R. R. vs. State, use of Gunther,* 66 *Md.*, 509; *Whiteford vs. Burckmyer, et al.,* 1 *Gill,* 143; *Williams vs. Woods, et al.,* 16 *Md.*, 222; *State vs. Hammond, et al.,* 6 *G. & J.*, 170; *Day & Gorsuch vs. Day,* 4 *Md.*, 269; *Atwell vs. Miller & Mayhew,* 6 *Md.*, 10; *Union Bank vs. Kerr,* 7 *Md.*, 88; *Crawfurd's Adm'r vs. Beall's Executor,* 21 *Md.*, 237; *Fusting's Executors vs. Sullivan,* 41 *Md.*, 171.

The same considerations apply to the defendants' fourth prayer, referring to the watchman's performance

of his duty and Steever's disregard of his warnings. Every fact left by it to the jury was in proof, and the law of the prayer is undoubted. *Hobb's Case,* 19 *American and English R. R. Cases,* 337; *Phil., Wilm. & Balto. R. R. Co. vs. State, use of Gunther,* 66 *Md.,* 501.

The defendants were entitled to have the jury instructed as to the legal effect of these specific facts, and the rejection of the prayer was not cured by the granted instructions. *Phil., Wilm. & Balto. R. R. Co. vs. State, use of Gunther,* 66 *Md.,* 501.

*George Blakistone,* and *T. Wallis Blakistone,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This case was before the Court in 70 *Md.,* 69, on the appeal of the present appellee, who then complained that the case had been erroneously taken from the jury. The case having been remanded for a new trial, the verdict was in favor of the plaintiff, and the defendants have appealed, because the Court below refused appellants' third and fourth prayers. The facts are so fully stated in the former appeal they need not be recapitulated here.

The third prayer of the defendants, which appellants contend ought to have been granted, is as follows, viz: "If the jury shall believe, from the evidence, that the bell of the engine was ringing from the time it left Canton Junction until the accident happened, and that there was a light upon the lid of the tender, in the position described by the defendants' witnesses, during that time, and that from a point on the turnpike, about six hundred and fifty feet east of the crossing, all the way to the crossing, one driving the turnpike could hear the bell and see the light, then the plaintiff is not entitled to recover, and the verdict of the jury must be for the defendants."

Union Railroad Co., *et al. vs.* State, use of Steever.

The appellees object to this instruction, for the reason that it fails to require the jury to find, that the deceased did see and hear, and yet disregarded, these signals of warning. Appellees' counsel further insist that if, in the abstract, the prayer is right, still there was no error in its rejection, because the first and second prayers of the appellants which were granted, covered the whole case, and gave them the benefit of all deductions they could get from this prayer.

Repeated decisions in this State have settled the law that in approaching a railroad crossing, it is the imperative duty, of persons designing and desiring to cross a railroad track at a crossing, to look and listen for a possibly approaching train. *Pennsylvania Railroad Co. vs. State, use of McGirr, et al.*, 61 *Md.*, 121; *Balto. & Poto. R. R. Co. vs. State, use of Stansbury,* 54 *Md.*, 656; *State, use of Bacon vs. Balto. & Potomac R. R.*, 58 *Md.*, 490; *Maryland Central Railroad vs. Neubeur,* 62 *Md.*, 399; *Phil., Wilm. & Balto. R. R. Co. vs. Hogeland,* 66 *Md.*, 149; *Cumberland Valley Railroad Co. vs. Maugans,* 61 *Md.*, 61.

This prayer puts it to the jury to find whether the bell of the engine was ringing all the while it was approaching the crossing; and whether there was a light on the tender of the locomotive, and whether the bell could be heard and the light could be seen by one driving on the turnpike; and then instructs the jury that if there was such visible light, and such audible ringing of the bell, then the plaintiff could not recover. It is clear, if the deceased did hear the bell, or did see the approaching light of the train, and did disregard these signals of warning, he recklessly imperilled his life, and no recovery should be had. In *Neubeur's Case*, 62 *Md.*, 399, the law is thus stated: "They should in all cases, before proceeding to cross, carefully look and listen, to ascertain whether a train is approaching; * * * and if

Union Railroad Co., *et al. vs.* State, use of Steever.

the experiment is made, without such precaution, the party acts at his peril; * * and must be held to have so far contributed to his own misfortune as to preclude him the right to recover against the railroad company." We have seen that it was his duty to look and listen; and in the absence of proof whether he did observe this duty, we must presume that he did look and did listen; for if he did not, that omission would be fatal to the action. Supposing him, therefore, to be looking and listening, the only question submitted by this rejected prayer was, whether there was such light as he could see, and such bell ringing as he could hear; and if the jury found upon the proof that there was such light to be seen, and such bell to be heard, then contributory negligence was established, and the appellants were entitled to the verdict. We do not think the prayer infirm for failing to require the deceased to have seen and heard, as contended for by appellees' counsel. If the light was such as he *could see*, and the ringing of the bell such as he *could hear*, as the prayer puts it, then his duty required him to use his senses, to see and hear, to guard against that which did occur. It was, therefore, the right of the defendants to have the mind of the jury directed to the specific facts in evidence, and instructed as to the effect of such facts if found to exist. *Mutual Ins. Co. in Baltimore Co. vs. Deale*, 18 *Md.*, 26; *Birney vs. New York and Washington Telegraph Co.*, 18 *Md.*, 341; *Phila., Wilm. & Balto. R. R. Co. vs. State, use of Gunther*, 66 *Md.*, 509.

There was evidence of the facts recited in the prayer, and though there was conflict of testimony on the subject, it was for the jury to decide what was the truth; so that we can not say that the appellants were not injured by the rejection of this prayer. The prayers which were granted at the appellants' instance did explicitly tell the jury that the burden was on the plaintiff to show that the injury was caused solely by

the want of ordinary care on the part of the defendants, and their servants. and that, if the deceased had looked and listened, they found the deceased would have become aware of the train's approach, that then the verdict should be for the defendants; but those prayers did not specify the light to be seen, nor the bell ringing to be heard, as the things the disregard of which, if seen or heard, made fatally contributory negligence. A jury might have understood the prayers actually granted as meaning exactly what this rejected prayer specified particularly; but the appellants were entitled to have the facts relied on specifically adverted to as further explaining the meaning of the other prayers, that there might be no doubt of the jury fully understanding what the Court meant.

It is possible that the jury might have supposed, from the phraseology of the second prayer of the defendants, that unless they found the existence of the light and the ringing of the bell also, they could not find the defendants protected; whereas, a disregard of either signal, if seen and understood, was fatally contributory on the part of the deceased. The engine was backing, and the head light was not shining in the direction of the deceased's approach; but the proof of the appellants is, that there was a light on the top of the tender which could be seen as the train approached; and that all the while after the train started the bell was ringing, until the crossing was passed. Now, if these signals were given, and the jury so found, and they also found that the light was visible to the deceased as he approached the crossing, and the bell ringing could be heard where deceased was, then he ought to have seen and heard, and the defendants had the clear right to have the jury so told.

In respect to the appellants' fourth prayer we see no error in its rejection. That prayer sought to put before

the jury the doings of the watchman in waving his light, and halllooing to the persons to "hold up," as in themselves sufficient to prevent recovery. That prayer lacked some material elements to make it sound. It ought to have required the jury to find that the watchman's position in waving the light was such as could be seen if the deceased had looked, and that it was an understood method of warning, and that his hallooing was so loud and distinct that, under the circumstances, there was no possibility of its not being heard and not being misunderstood. As framed, it would certainly have been misleading.

For the error in rejecting the appellants' third prayer the judgment must be reversed.

> *Judgment reversed, and*
> *new trial ordered.*