# Bistider, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence—Railroads—"Stop, look and listen"—Grade crossings—Contributory negligence.*

In an action against a railroad company to recover damages for death of plaintiff's husband while driving a team at a grade crossing, a nonsuit is properly entered where it appears that the deceased who was familiar with the crossing stopped at a point where he could not see the track on account of standing cars and failed to go forward to a point from which he could have had a clear view of the approaching train.

Argued April 12, 1909. Appeal, No. 302, Jan. T., 1908, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1906, No. 1,027, refusing to take off nonsuit in case of Susan Bistider

v. The Lehigh Valley Railroad Company. Before MITCH-
ELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's hus-
band. Before FERRIS, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*M. J. Mulhall,* for appellant, cited: Beach v. Penna. R. R.
Co., 212 Pa. 567; Messinger v. Penna. R. R. Co., 215 Pa. 497;
Armstrong v. Traction Co., 216 Pa. 595; Sullivan v. R. R.
Co., 175 Pa. 361; Longenecker v. R. R. Co., 105 Pa. 328;
Hughes v. Coal Co., 104 Pa. 207; E. B. Clarke Co., Ltd., v.
R. R. Co., 27 Pa. Superior Ct. 251; Penna. R. R. Co. v. Acker-
man, 74 Pa. 265; Lake Shore, etc., Ry. Co. v. Frantz, 127 Pa.
297; Ellis v. R. R. Co., 138 Pa. 506; Neiman v. Del. & Hudson
Canal Co., 149 Pa. 92; Ely v. Ry. Co., 158 Pa. 233; Smith
v. R. R. Co., 158 Pa. 82; Link v. R. R. Co., 165 Pa. 75;
Roberts v. Del. & Hudson Canal Co., 177 Pa. 183; Gray v.
R. R. Co., 172 Pa. 383; Cookson v. Ry. Co., 179 Pa. 184; New-
ton v. R. R. Co., 18 Pa. Superior Ct. 18; Summers v. R. R.
Co., 24 Pa. Superior Ct. 615; Keller v. Ry. Co., 35 Pa. Su-
perior Ct. 488.

*Wheaton, Darling & Woodward,* for appellee, cited: Man-
kewicz v. R. R. Co., 214 Pa. 386; Penna. R. R. Co. v. Beale,
73 Pa. 504.

OPINION BY MR. JUSTICE FELL, May 10, 1909:

The plaintiff's husband was killed at a grade crossing of the
defendant's road with which he was familiar, where there were
two main tracks and a siding. A train of some fifty empty
coal cars stood on the siding, and the rear end of the train was
within fifteen or twenty feet of the crossing. These cars cut
off entirely from a driver seated in his wagon a view of the
main tracks to the south, the direction from which the train
came. When about ten feet from the siding the deceased

stopped his horses and stood on the footboard at the front of his wagon and looked south. At this place he could by standing on the footboard see over the top of the last two cars of the standing train, which were lower than the other coal cars, and thus have a view of the main tracks for a distance of from sixty to eighty-five feet. At a point ten feet nearer the track he could have had a clear view in either direction for more than a mile. His horses were struck by the engine of an express train as they were crossing the nearer main track. A nonsuit was entered on the ground that the deceased stopped where he could not see and failed to go forward to a point from which he could have had a clear view of the approaching train.

The facts proved by the plaintiff left no ground for the application of the rule that, when a traveler has stopped at the usual place for stopping, from which a view of the tracks could be had, it is not for the court to say as a matter of law that there was negligence in not stopping at another and better place. The case presented was that of a driver at a railroad crossing with which he was familiar, who stopped where, because of a temporary obstruction, he could not see and who drove on without having looked from a point where he could have seen. This was not a compliance with the rule which imposed on him the fixed duty to stop, look and listen. Stopping where he could not see was little better than not stopping at all, and it was not an observance of the duty the law imposes: Kintner v. Penna. R. R. Co., 204 Pa. 497; Mankewicz v. Lehigh Valley R. R. Co., 214 Pa. 386.

The judgment is affirmed.