## W. RALPH TAYLOR *v.* WESTERN MARYLAND RAILWAY COMPANY.

[No. 8, October Term, 1929.]

*Decided October 30th, 1929.*

The. cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Edwin T. Dickerson* and *Lester L. Barrett,* for the appellant.

*Rowland K. Adams* and *George Cochran Doub,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from a judgment for the Western Maryland Railway Company, the appellee, in an action brought by W. Ralph Taylor, the appellant, to recover for personal injuries sustained by him and the destruction of his automobile, resulting from its collision with a locomotive of the defendant at one of its crossings near the City of Baltimore.

At the trial of the case, the court, at the conclusion of the plaintiff's evidence, directed a verdict for the defendant, first, because of a want of evidence legally sufficient to entitle the plaintiff to recover, and, second, because the plaintiff, by his own negligence, directly contributed to the injuries and loss complained of.

The plaintiff, W. Ralph Taylor, testified that about 5.15 o'clock, in the evening of December 23rd, 1927, he was driving his automobile on Buck's Lane near Arlington, on his way to his home in Lansdowne. It was, at the time, as stated by him, "getting very dark" and as he approached the crossing of the defendant's road he saw, not far ahead of him, some children playing in the street, which caused him to slow down, and when about one hundred or one hundred and fifty feet from the tracks, he, looking to his right over a vacant lot adjacent to the defendant's right of way, saw the headlight of a locomotive on the southbound track going in the direction of Baltimore. Whereupon, he stopped his automobile, as he says, "just east of the tracks". He testified that he was thoroughly familiar with the crossing and its surroundings, that a short distance from the tracks "you go down a little dip and then start a rise that leads up to the crossing." When asked if he did not know, when he started up the rise that leads to the tracks, that he was close to them, he acknowledged that he did, and that it was then that he stopped; that before he stopped he was going slowly and had his automobile "under perfect control," and when further asked if he thought his car had stopped sufficiently far from the north-bound track not to be struck by the train coming on that track, his reply was, "Positively. I was sitting there

just as much ease as I am on this chair. Q. Then you were satisfied that, even though the train did approach from your left, that you had nothing to fear? A. Yes, sir, absolutely." As he said: "The train continued to come toward the city, and knowing that that train was inbound I stopped, with the intention of it passing, and I wasn't concerned very much about that train coming in. I was concerned about the one going out, and I kept looking in the opposite direction to see that I would be clear from the one going out." "I was constantly looking from the right to the left to see if anything was approaching, so that I would be careful that nothing would happen, when I looked around (to the left) and there on top of me was this locomotive". The locomotive mentioned, which was on the north-bound track, the nearest track to the plaintiff, struck his automobile and turned it over against the switch stand, and the plaintiff was thrown out of the automobile upon the ground and injured, and his car, as a result of the collision, was totally destroyed. He also testified that, while lying there upon the ground, a man dressed in overalls, standing along side of the train, not far from him, whom he took to be the engineer, said to him, "I saw you, I thought you was in the clear and I could have stopped, and I am sure my end sill is what struck you." As stated by the plaintiff, he was more concerned about the movements of the north-bound train than he was about the south-bound train, and, in stopping his car where he did, he was seeking a position of safety from the north-bound train and was positive or certain that he was safe at the point where he stopped, though, in ascertaining this fact, he failed to use his brighter lights, which were available to him. No part of his automobile when stopped was upon the tracks of the defendant, but it was so near thereto that a projecting part of the locomotive, the end sill, struck his car. He states in his evidence that there was nothing to prevent him from stopping at a point ten feet further from the tracks, but he voluntarily stopped at the place he did, feeling positive that he was in a place of

safety. In this he was mistaken. From these facts we have no difficulty in reaching the conclusion that the plaintiff by his own negligence contributed to the accident resulting in the injuries and loss of which he complains.

It is claimed by him, however, that although he may have been guilty of such contributory negligence, the accident could have been avoided by those operating the train after he was seen, or should have been seen, by them, in the perilous position in which he had placed himself. In this contention he invokes the doctrine of the last clear chance, which is to be applied only where it is shown, first, that the company's servants knew, or should have known, of the plaintiff's peril; secondly, that they knew, or should have known, of his peril in time to have avoided the accident and the injuries resulting therefrom, and, thirdly, that they failed to exercise proper care to avoid the accident after the peril of the plaintiff was known, or should have been known, to them. *Western Maryland Railroad Co. v. Kehoe,* 83 Md. 434; *Maryland Central Railroad Co. v. Neubeur,* 62 Md. 391; *Northern Central Rwy. Co. v. McMahon,* 97 Md. 483; *Cullen v. New York, P. & N. R. Co.,* 127 Md. 658; *Balto. & O. R. Co. v. Walsh,* 142 Md. 230.

It is not shown, in the first place, that the peril of the plaintiff was known, or should have been known, to the servants of the defendant operating its train. The evidence is that the engineer said that he saw the automobile of the plaintiff stopped or parked at a point east of the tracks, but it is not shown by this admission that he realized the plaintiff's danger while in that position, for he expressly states that he thought he (the plaintiff) was in the clear, that is, that his automobile was in no danger of being struck by the locomotive driven by him. As we have said, no part of the plaintiff's car was upon the track. It was struck only by a projecting part of the engine or locomotive, and had he stopped a very short distance further from the track, his car would not have been struck. The plaintiff approached the tracks slowly and deliberately and stopped his automo-

bile, as he thought, at a place of safety, when, in fact, it was in reach of the projecting part of the locomotive.

It would, we think, be going very far to say that the engineer on a moving locomotive, with limited time and opportunity of ascertaining the distance of the automobile from the tracks, should have seen the peril of the plaintiff's position, when the latter, with ample time and with much greater opportunity of measuring such distance, failed to discover the danger to which he subjected himself, because of the proximity of his automobile to the tracks of the defendant company. The engineer saw the automobile stopped or parked on the east side of the tracks, and, with no greater opportunities than were afforded him in ascertaining its exact location in relation to the tracks of the defendant company, or the distance it was from the tracks, he might well have assumed that the driver had there stopped his automobile in a place of safety to await the passing of his train, especially when the automobile, before stopping, had proceeded only a very short distance, measured probably in inches, beyond a place of safety.

There is no ground, we think, in this case for the application of the last clear chance doctrine invoked by the appellant, as there is no legally sufficient evidence tending to prove that the peril of the plaintiff's position was known or should have been known to the servants of the defendant in time to have avoided the accident by the exercise of ordinary care and caution.

The case, we think, was properly withdrawn from the consideration of the jury, and the judgment of the lower court will be affirmed.

*Judgment affirmed, with costs.*